Avert, J.
The bill in this case allegés that two of the defend-
ants had recovered a judgment in the Supreme Court, in Mercer county, against John Elliott and these petitioners, for the sum of about $700. Upon this judgment an execution was issued to the sheriff of Allen county, and land of John Elliott, one of the defendants in execution, was there levied upon. The land of Elliott, so taken, it is asserted in the bill, is sufficient at two-thirds of its appraised value, to satisfy the debt and costs. But while *this levy is subsisting, these defendants, Armstrong and Bockly, cause another execution to be issued on the judgment; and this is directed to the sheriff of Mercer county. The bill sets forth that the above-named John Elliott is the principal, and that these complainants are sureties only, in the debt upon which the judgment was rendered ; and sets forth, further, that said John Elliott has other lands in Allen county, which he holds in fee simple and unincumbered. It also states that the said judgment creditors are about to cause a levy upon the lands of the complainants, and prays an injunction.
The levy upon the land in Allen county is admitted in the answer ; but it is denied that there is a sufficiency to satisfy tho judgment. The answer also admits the issuing of the second execution, and that the complainants were only sureties; but states that no notice of that fact was entered upon the record, when the judgment was taken. The complainants assert that, as sureties, they have a right to force the judgment creditors to collect their claim from the principal, when they have property of his, sufficient for that purpose, levied upon; that the property of the principal must be exhausted before that of the sureties can bo taken in execution. It is certain that our law has provided, in behalf of the sureties, that their property may be exempted from execution till the property, personal and real, of the principal debtor shall be exhausted. This law is found in the act regulating judgments and executions (Swan’s Stat. 482), where it is provided *25 that if it shall appeaf to the court, by parol or other testimony, that one or more of the persons bound, signed as security for his co-defendant, the clerk, in entering the judgment, shall certify which of the defendants is principal and which are sureties. In such case the execution to be issued must contain directions to proceed, first, against the property of the principal; and for want of property of the principal, then to proceed against the bail. A special form of execution is thus given to suit the case. But it can only be issued by the clerk, when ho finds a proper entry in *the record to justify it; and as the defendants in this judgment had neglected to secure the. proper entry, it was the duty of the clerk when execution was ordered, to issue it in the common form prescribed in the same act, against the judgment debtors. In this form the sheriff could see nothing to indicate any difference between the defendants ; all would appear to be equally liable, and he would be authorized under his writ, to proceed against all. The sureties, it is evident, then, in this case, have no remedy at law. Having lost at law, and entirely by their own neglect, the privilege designed for them, are they entitled to relief in a court of chancery? Certainly in that court sureties have long been favorites, and they have found protection and aid there in multitudes of cases, when other courts could furnish none. But amongst all the forms of relief, it is believed that none is provided for a case like the present. There is no case where, after a joint contract to make payment, on a given day, one party could have the aid of a court to delay the creditor and compel him to proceed against the other alone, barely because that other was the principal debtor.
And though, under a general law,.the right is now given to all sureties to postpone the creditor; yet, as the mode by which it may be done is pointed out, and that a very easy mode, if the privilege has been treated as of no moment, and the means of securing it neglected, a court of equity can hardly be expected to interfere. There were two executions in this case, of the same kind, as it appears, issued upon this judgment; but they were sent into different counties. No express provision of the statute is violated by such a proceeding; and it may be impoi'tant, sometimes, in order to secure the rights of a creditor. Under the supervision -of the court, whose process is so employed, and subject as it is, at all times, to be set aside, by the same court, when *26 improperly issued or used, no objection is perceived to such a proceeding, as would call for the exorcise of chancery power.
Crane & Davies, for complainants.
John Welch, for defendants.
In this same statute regulating judgments and executions, there is express power given, while there is a subsisting- levy *on the debtor’s property, to make a further levy upon property, if that named in the venditioni exponas is insufficient. But the benefits of this provision are confined to the county in which the first levy was made. Allowing two executions, of the same description, to bo issued for different counties, under the control of the court, would only be extending the benefits to other cases having equal claims to them.
It is the opinion of the court, therefore, that there is not any equity calling for their interference. The injunction is consequently dissolved, and the bill dismissed.